UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE BAZZLE,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>  Defendants. | No. 1:19-cv-01565-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF No. 17) |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit, and Chief Judge Mueller ordered that this action shall proceed before the undersigned. (ECF Nos. 6, 7 & 21).

At a hearing on December 3, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

///

///

# I. ANALYSIS

Plaintiff claims the ALJ erred by failing to develop the record by failing to obtain an assessment of Plaintiff's limitations from a treating or examining source who considered all of Plaintiff's severe medical impairments, namely, her obesity and diabetes, when determining Plaintiff's residual functional capacity (RFC). (ECF No. 17 at 9-13).

The Ninth Circuit has held the following concerning an ALJ's duty to develop the record:

> Critical to the fair and effective operation of the system for distributing social security benefits based on disability is the gathering and presentation of medical evidence. The burden of demonstrating a disability lies with the claimant. *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). But it is equally clear that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.,* 160 F.3d 587, 589 (9th Cir.1998); 20 C.F.R. §§ 404.1512(d)–(f); *id.* at §§ 416.912(d)–(f); *see also Sims v. Apfel,* 530 U.S. 103, 110–11, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits...."). One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination, *i.e.,* "a physical or mental examination or test purchased for [a claimant] at [the Social Security Administration's] request and expense." 20 C.F.R. §§ 404.1519, 416.919.

*Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

In addition, the Ninth Circuit has held the following concerning the substantial evidence standard:

> "We . . . will disturb the denial of benefits only if the decision 'contains legal error or is not supported by substantial evidence.' " *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted) (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)). "Substantial evidence ... is 'more than a mere scintilla,' " and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ––– U.S. –––, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

*Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (first ellipsis added).

The relevant portions of the ALJ's opinions are as follows:

> In September 2016, E. Wong, MD, opined the claimant was able to lift and carry up to 20 pounds occasionally and 10 pounds frequently, and sit, stand and walk 6 hours in an 8-hour workday. She could occasionally climb up ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant was capable of occasionally balancing, stooping, kneeling, crouching and crawling. She should

> avoid concentrated exposure to hazards such as machinery and heights. (Exhibit 3A, pp. 10-11).
>
> Great weight is accorded the opinion of Dr. Wong. **This residual functional capacity has been adopted in my decision.** The limitations noted are well supported, with specific references to medical evidence. The opinion is internally consistent as well as consistent with the evidence as a whole.
>
> . . .
>
> There have not been noteworthy changes since the opinions of Drs. Collado or Wong, as discussed above.

(A.R. 20-21) (emphasis added).

Plaintiff argues the ALJ failed to consider Plaintiff's obesity and diabetes in making the RFC because the ALJ relied on Dr. Wong's opinion to establish the limitations in the RFC and Dr. Wong had not made any opinions as to what if any work limitations were needed due to the impairments of obesity and diabetes.

At the outset it is worth noting that at step two, the ALJ found that Plaintiff "has the following severe impairments: obesity . . . and diabetes mellitus." (A.R. 17) (citation omitted). This means that the ALJ found that these impairments were "a medically severe impairment or combination of impairments," *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017), that "significantly limits [Plaintiff's] physical or mental ability to do basic work activities," 20 C.F.R. § 404.1520(c). Plaintiff argues that the ALJ did not consider potential limitations due to obesity and diabetes.

Regarding obesity, it is true that Dr. Wong did not explicitly consider diabetes as one of the impairments in that opinion. (A.R. 79) (listing Plaintiff's "medically determinable impairments" as "Spine Disorders[;]" "Affective Disorders[;]" and "Substance Addiction Disorders"). However, Dr. Wong did reference Plaintiff's body mass index. (A.R. 77) ("her BMI ~39, I do not think she can sustain medium work."). Body-mass index is related to obesity. Thus, Dr. Wong did evaluate Plaintiff's obesity to some extent in assessing Plaintiff's limitations. Given the highly deferential substantial evidence standard, the ALJ's reliance on Dr. Wong's opinion constitutes substantial evidence supporting the ALJ's RFC regarding Plaintiff's obesity.

The same cannot be said Plaintiff's diabetes mellitus. Dr. Wong's opinion did not consider this among the impairments subject to that opinion. (A.R. 79) (listing impairments). Nor does Dr.

Wong's opinion make any reference to Plaintiff's diabetes. Nor could it. Dr. Wong's opinion was dated September 1, 2016. (A.R. 82). However, Plaintiff's diagnosis of diabetes mellitus was made in May 2017. (A.R. 19, 597, 599). Therefore, Dr. Wong's opinion does not provide substantial evidence for the ALJ's opinion regarding limitations associated with diabetes.

Nor is there any other support in the ALJ's opinion for any limitations, or lack of such limitations, associated with Plaintiff's diabetes. The ALJ only references diabetes three times in its opinion: once in finding it was a severe impairment (A.R. 17) and twice in noting the diagnosis was made (A.R. 19, 20). At no point does the ALJ discuss what limitations, if any, stem from the diagnosis.

The Commissioner argues that given the breadth of records, an ALJ can never look at all medical documents. However, there must be some basis for the ALJ's inclusion of limitations, or failure to include limitations, in the RFC as to each impairment. Here, there is none.

Accordingly, the ALJ's RFC finding as to Plaintiff's diabetes is not supported by substantial evidence.[1]

**II.   Conclusion**

For the foregoing reasons, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated:   **January 6, 2021**             /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner argues that Plaintiff waived any arguments concerning the ALJ's duty to develop the record because Plaintiff's counsel stated the record was complete at the hearing and failed to supplement it within the five days allotted after the hearing. (ECF No. 17 at 7; A.R. 31, 56). However, the Commissioner has not argued that Plaintiff has waived any argument about substantial evidence. Moreover, the ALJ has an independent duty, regardless of the presence or absence of counsel, to develop the record. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." (cleaned up)).